## CATHARINE EDWARDS *v.* HOLLOWAY E. SIMMONS.

Where A. signed his name as security for B. to a note executed for money borrowed by him (B.) from C., and in the transaction A. trusted alone to B. for indemnity, if he failed to pay, with nothing to show that the money was obtained for, or was used by B. as agent for the use of D.: — *Held*, that D. cannot be made liable for the money thus paid by A. as security for B., unless it be shown that D. was the party trusted.

IN error from the circuit court of Neshoba county; Hon. John Watts, judge.

H. E. Simmons brought suit in the circuit court of Neshoba county against Catharine Edwards, to recover an amount of money which he alleges he paid as her security.  The complaint states that Catharine Edwards, by her agent, Charles W. Edwards, on the 4th of June, 1849, borrowed of David Backstrow $100, for which said agent executed his note to said Backstrow, and procured plaintiff to join in its execution as surety.  At the time the money was borrowed and the note executed, Charles W. Edwards did not disclose to plaintiff or Backstrow that he was acting for Catharine Edwards, or for any

person but himself; yet plaintiff avers that in the whole transaction the said Charles acted as the mere agent of the defendant, and that the money borrowed was for her use, which facts were wholly unknown to plaintiff at the time of executing said note. That plaintiff paid said note, $108.80, to Backstrow, which said sum he avers was paid to the use of defendant, and at her special instance and request.

To this complaint defendant demurred, and assigned for causes, that the complaint did not disclose a cause of action against defendant, and that no liability is stated by the complaint, and other causes. This demurrer was overruled.

Defendant then answered, denying all the allegations of the complaint, specifically.

Plaintiff then proved that Charles W. Edwards borrowed of Backstrow $100 about 4th of June, 1849, and executed a note therefor in his own name with plaintiff as security, and that plaintiff, as surety, paid it, $108.80. He then proved by the deputy sheriff that the deputy, by virtue of an execution of J. J. Parker v. Catharine Edwards, Charles W. Presley, and John E. W. Carnell, that he levied on four mules as the property of defendant, and Charles W. Edwards promised to have the property forthcoming on the day of sale, or that he would pay the money, and did do so on the 4th of June, 1849; that he was the son of Catharine Edwards, lived with her, but was a married man, and he, Charles W. Edwards, generally attended to his mother's business with the witness. This was all the testimony on the part of the plaintiff.

The defendant then introduced the record of the judgment on which said execution issued, which shows that Charles W. Edwards was in the original judgment, and that a forthcoming bond was given in which he was left out. She then proved that the foundation of said judgment was a note in which she and said Charles was security for Lewis Presley. That Lewis Presley paid to C. W. Edwards the money to pay on said judgment, except $85 or $100, and requested Charles to pay that for him, witness, which Charles did, and shortly thereafter witness paid it back to him. That witness was the brother of Catharine, and uncle of Charles W. Edwards. That he never

knew of any authority given by Catharine to Charles to borrow money. This was the substance of all the testimony. The jury found a verdict for the plaintiff. Defendant made a motion for a new trial, which was overruled. Whereupon she prayed and obtained a writ of error to this court.

*Lawson* for appellant.

The defendant in error became the surety, as he says, of Charles W. Edwards, and as such paid the debt. If the money ever went to the use of Catharine Edwards, and that was the object for which it was borrowed, that does not raise an implied assumpsit on her part to pay it to defendant in error in consequence of his being security for Charles, and as such having paid it. There was no privity between the defendant and plaintiff in error. He did not become her security, and has no right at law to recover from her. To enable the defendant in error to recover, the money must have been paid at her request, either express or implied, supposing the debt for which he was security to be hers. There is no pretence that there was any express request. Then does the law, under the circumstances, imply a request to pay? 1 Smith's Leading Cases, 1852, for all the authorities, p. 196, 197, notes to *Lampleig* v. *Brathwait.* The law implies a request. First, where the consideration consists in the defendant in error having been compelled to do that which the plaintiff in error was legally compellable to do. 3 Term R. 308. Catharine Edwards was not legally compellable to pay, and hence, under the above rule, is not responsible to pay defendant. The law will imply a request also where one party does that voluntarily for another which the first was compellable by law to perform, and he expressly promises, in consideration thereof, to pay the second. In such case the law does not imply the promise, but only the request. An express promise is not averred in this case, and even if such a promise was averred, the debt for which defendant was security not being the debt of plaintiff, if he paid it as security, even by the request and upon an express promise, the plaintiff in error would not be liable under the statute of frauds, unless the promise were in writing.

Prichard *v.* Martin.

No counsel for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This action was brought by the defendant in error in the circuit court of Neshoba county to recover of the plaintiff in error a certain sum of money, which the plaintiff in error alleges he paid as her security on a promissory note for one hundred dollars, payable to one Backstrow.

A judgment was rendered in favor of the plaintiff below, from which the plaintiff in error has prosecuted a writ of error to this court.

We are clearly of opinion that the evidence establishes no cause of action against the plaintiff in error. She was no party to the note to Backstrow. The plaintiff in error signed the note as the security of Charles W. Edwards, trusting alone to him for indemnity if he failed to pay the debt. There is no proof showing that Charles W. Edwards used the money obtained for the benefit of the plaintiff in error, or that he was her agent to borrow the money. But be this as it may, she was not the party trusted in the transaction, and therefore not liable to the plaintiff below.

Judgment reversed, new trial granted, and cause remanded.